UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

TERM #6

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-06002-HDV-SSC | Date | September 28, 2026 |
| Title | *Mustafa Oberoi v. Marriott International, et al.* | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **IN CHAMBERS—GRANTING 90 DAYS OF LIMITED DISCOVERY [6]**

Plaintiff Mustafa Oberoi ("Plaintiff") brings this employment action against Defendants Marriott International, Springhill SMC, LLC ("Marriott") and Fatima Achhal ("Achhal") (collectively, "Defendants"), arising from Plaintiff's employment as an Assistant General Manager at Marriott beginning in December 2024. Complaint at ¶ 10 [Dkt. No. 1-4]. Achhal was Plaintiff's General Manager at Marriott before Plaintiff was terminated from his employment on March 28, 2025. *Id.* at ¶¶ 13–14. Nearly a year later, on March 24, 2026, Plaintiff filed a Complaint in the Los Angeles County Superior Court ("Complaint") asserting causes of action for, *inter alia*, employment discrimination, harassment, and wrongful termination. *See generally id.* Defendants timely filed a Notice of Removal, [Dkt. 1], and the case was removed to this Court on June 3, 2026. Opposition at 2.

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 6]. Plaintiff avers that Achhal is a citizen of California, which, if true, would destroy complete diversity and preclude this Court from exercising subject matter jurisdiction. *Id.* at 7–10. To support this assertion, Plaintiff contends that Achhal fails to establish her "domicile" in Reno, as she "provides no Reno address and no other facts bearing on domicile." *Id.* at 6. Plaintiff further avers that Achhal maintains voter registration in the District of Columbia, her driver's license is in California, and she serves on the board of the Burbank Hospitality Association located in California, all of which point to the absence of her domicile in Nevada, and contradict Achhal's self-serving statement that she "intend[s] to reside in Reno, Nevada for the foreseeable future." Motion at 7 (quoting Notice of Removal ¶ 17, Declaration of Fatima Achhal in Support of Defendant's Removal ("Achhal Decl.") at ¶ 2 [Dkt. 1-2]); Reply at 4 [Dkt. 16]. Defendants counter that Achhal moved to Nevada *before* the filing of the Complaint, indicating that her presence there is not solely employment-based, that

her role in Reno is not temporary, and that she "has no plans to return to California." Opposition at 9 (citing Supplemental Declaration of Fatima Achhal ("Supp. Achhal Decl.")¶¶ 2–3, 5–6 [Dkt. 15-4]).

For purposes of diversity, a court must determine a party's *domicile*, not simply its residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). In *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986), the Ninth Circuit articulated the factors that a court considers in determining domicile.

> [T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. (citation omitted).

Recognizing this fact-specific standard, the Court concludes that it is unable—on this record—to make a determination regarding Achhal's domicile. Specifically, the Court has no information regarding her bank records, her Reno address, lease terms, tax payments, etc. To that end, the Court further finds that limited jurisdictional discovery is necessary. "A district court is vested with broad discretion to permit or deny discovery." *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Yamashita v. L.G. Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (citing *Laub*, 342 F.3d at 1093). If the facts for or against jurisdiction are contested or where more are needed, limited discovery into jurisdiction is appropriate. *See Laub*, 342 F.3d at 1093; *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (holding that the refusal by the district court to grant discovery regarding jurisdiction was an abuse of discretion).

The case is therefore stayed for ninety (90) days to allow the parties to conduct limited jurisdictional discovery as to the domicile of Ms. Achhal. Discovery shall be focused solely on facts relevant to jurisdiction, to include written discovery and the taking of Ms. Achhal's deposition. Supplemental briefing is to follow, with Plaintiff to submit an Amended Motion to Remand no later than January 4, 2027. The Opposition is to be filed by January 18, 2027, and a Reply by January 25, 2027. The Court will set a hearing date on the supplemental briefing if appropriate.

**IT IS SO ORDERED.**